IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 27, 2021

## STATE OF TENNESSEE v. MARVIN MAGAY JAMES GREEN

**Appeal from the Criminal Court for Sullivan County**
**Nos. S52,556        William K. Rogers, Judge**

_____

### No. E2020-00968-CCA-R3-CD

_____

The Defendant pleaded guilty to several drug offenses stemming from a 2006 arrest, and the trial court sentenced him to a fifteen-year sentence. The Defendant appealed, it was denied, and he filed multiple motions challenging his convictions. Most recently, he filed a motion to correct an illegal sentence or correct a clerical error, contending that he had not received 128 days of pretrial jail credits. The trial court denied the motion, finding that it did not have jurisdiction to amend his sentence and that any alleged error in calculating time should be directed to the Tennessee Department of Correction. It is from that judgment that the Defendant now appeals. After review, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which D. KELLY THOMAS, JR., J., joined. JOHN EVERETT WILLIAMS, P.J., filed a separate concurring opinion.

Marvin Magay James Green, Memphis, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Assistant Attorney General; Barry P. Staubus, District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I. Facts

This case arises originally from the Defendant's 2008 convictions for drug related offenses. The judgment forms indicate that the Defendant was given the mandatory minimum sentence of fifteen years and that he was to receive jail credits for the days

between August 18, 2006 and January 8, 2008.

Since his conviction, the Defendant has unsuccessfully filed a multitude of *pro se* filings, all of which were denied and many of which he appealed to this court. He has filed a "Motion to enjoin enforcement of the Tennessee Drug Free Zone Act § 39-17-432"; "Motion to quash indictment"; "Motion to correct a clerical error"; a letter requesting an appeal to get a parole date; a petition for post-conviction relief; and a petition for a writ of habeas corpus relief.

In this most recent filing, the Defendant has filed a motion to correct an illegal sentence and or a motion to correct a clerical error. He contended that he did not receive 128 days of jail credits. His motion specifically contends "Comes the petitioner now moves this court to grant all mandatory pre trial jail credits (pretrial behavior credits of 128 days) that I earned *until the imposition of the sentence* in light of T.C.A. § 40-23-101 and T.C.A. § 41-21-236." (emphasis added). Tennessee Code Annotated section 40-23-101 is the code section regarding credit for "pretrial detention and jail time pending appeal." Tennessee Code Annotated section 41-21-236 is the code section regarding "sentence reduction credits," also commonly referred to as sentencing credit for good behavior. The trial court denied the motion, finding:

> This court has no jurisdiction to amend this sentence as the judgment orders have long been entered, (January 9, 2008). If the defendant feels there is an error regarding his calculation of time questions should be directed to the Tennessee Department of Corrections, State of Tennessee.

It is from this judgment that the Defendant now appeals.

## II. Analysis

On appeal, the Defendant's contention is not entirely clear. His original motion cites to code sections that address pretrial jail credit and also sentencing reduction credits for good behavior. The entirety of his brief reads:

> The mandatory minimum sentence length of 15 yrs on the Uniform Judgment [See T. Record page 11] is in conflict with T.C.A. § 40-23-101 and the plea agreement in transcript [See T. Record page 15 line 1] when trial court stated Appellant would receive all credit for time served.

Tennessee Code Annotated section 40-23-101, cited by the Defendant's motion, governs the commencement of sentence, time served, and credit. It states:

> (a) When a person is sentenced to imprisonment, the judgment of the court shall be rendered so that the sentence shall commence on the day on which

the defendant legally comes into the custody of the sheriff for execution of the judgment of imprisonment.

> . . . .

(c) The trial court shall, at the time the sentence is imposed and the defendant is committed to jail, the workhouse or the state penitentiary for imprisonment, render the judgment of the court so as to allow the defendant credit on the sentence for any period of time for which the defendant was committed and held in the city jail or juvenile court detention prior to waiver of juvenile court jurisdiction, or county jail or workhouse, pending arraignment and trial. The defendant shall also receive credit on the sentence for the time served in the jail, workhouse or penitentiary subsequent to any conviction arising out of the original offense for which the defendant was tried.

Rule 36 states that "the court may at any time correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission." Tenn. R. Crim. P. 36. "Clerical errors 'arise simply from a clerical mistake in filling out the uniform judgment document.'" *State v. Wooden*, 478 S.W.3d 585, 595 (Tenn. 2015) (quoting *Cantrell v. Easterling*, 346 S.W.3d 445, 449 (Tenn. 2011)). Correcting clerical mistakes may include "supply[ing] omitted or overlooked information." *State v. Allen*, 593 S.W.3d 145, 154 (Tenn. Jan. 29, 2020); *see, e.g., Steven Anderson v. Russell Washburn, Warden*, No. M2018-00661-SC-R11-HC, – S.W.3d –, 2019 WL 3071311, at *1 (Tenn. June 27, 2019) (a failure to award pretrial jail credits would constitute a clerical error).

The awarding of pretrial jail credits is mandatory. *State v. Brown*, 479 S.W.3d 200, 212 (Tenn. 2015). In this case, the trial court properly, on each relevant judgment, granted jail credits of 508 days (from August 18, 2006 to January 8, 2008). Those jail credits will be applied to the Defendant's mandatory minimum sentence of fifteen years. It is unclear from the record whether the Defendant is stating that he is entitled to only 128 days of jail credit, an additional 128 days of jail credit, or whether he mistakenly thinks he is only getting 128 days of jail credit when in fact his judgments awarded him 508 days of jail credit. The Defendant is not entitled to relief on this issue.

In the Defendant's reply brief, he pivots his argument and raises the issue of whether the "day for day and/or 100% sentence in count two deprived [him] of the right to received [sic] sentence reduction credits for good institutional behavior prior to the imposition of sentence." The Defendant references his "Request For Acceptance of Plea of Guilty Waiver of Rights" form, upon which under count 2 it states that he will plead guilty to possession of cocaine for sale or delivery within 1000 feet of a school zone. A star addendum to that count indicates that "must be served @ 100%, day for day."

3

This Court has repeatedly stated, "Where a period of confinement is imposed, an order of day-for-day service is impermissible because a trial court cannot deny a defendant the statutory right to earn good conduct credits or authorized work credits where the defendant receives a sentence of split confinement and becomes a county jail inmate. *See State v. Jeannie Hudson*, No. E2001-00377-CCA-R3-CD, 2002 WL 264625, at *4-5 (Tenn. Crim. App., at Knoxville, Feb. 19, 2002), *perm. app. denied* (Tenn. July 1, 2002). Importantly, in this case, the Defendant's judgment of conviction in Count 2 does not include that he serve his sentence "day for day." The sentence imposed by the judgment of conviction includes that he serve fifteen years in the Tennessee Department of Corrections and includes that his release eligibility be determined in accordance with laws applicable to "Drug Free Zone" offenses. There is nothing awry or illegal in the judgment of conviction, and it appears in good order.

The trial court has authority pursuant to Rule 36 to amend the judgments with regard to pretrial jail credits but it does not have such authority with regard to sentence reduction credits. The judgments as entered do not appear to have an error of any kind. Accordingly, we affirm the trial court's judgment dismissing the Defendant's motion to correct an illegal judgment. The Defendant is not entitled to relief.

### III. Conclusion

After a thorough review of the record and the applicable law, we affirm the trial court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE

4